UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RICHARD D. MEDINA,

                            Plaintiff,

v.                                                         7:15-CV-1283
                                                           (GTS/TWD)

ANDREW CUOMO, Governor, State of New York;
and DEAN G. SKELOS, Former Senate Majority
Leader and Deputy Majority Leader and Current
Member of the NYS Senate,

                            Defendants.
_____

APPEARANCES:

RICHARD D. MEDINA
  Plaintiff, *Pro Se*
24098 Route 12
Watertown, New York 13601

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* civil rights action filed by Richard D. Medina ("Plaintiff") against the two above-captioned New York State officials ("Defendants") pursuant to 42 U.S.C. § 1983, are the following: (1) Plaintiff's motion for a preliminary injunction; (2) United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that Plaintiff's Complaint be *sua sponte* dismissed (in part with prejudice and in part without prejudice) pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); (3) Plaintiff's motion to include two summonses with his Complaint; and (4) Plaintiff's Objections to the Report-Recommendation. (Dkt. Nos. 3, 8, 9, 10.) For the reasons set forth below, Plaintiff's motion to include two summonses with his Complaint is granted; Plaintiff's Objects to the Report-Recommendation are

rejected; Magistrate Judge Dancks' Report-Recommendation is accepted and adopted in its entirety; the claims asserted in Plaintiff's Complaint are dismissed with prejudice, dismissed without prejudice or conditionally dismissed as explained below in this Decision and Order; and Plaintiff's motion for a preliminary injunction is denied.

## I. RELEVANT BACKGROUND

### A. Magistrate Judge Dancks' Report-Recommendation

In her Report-Recommendation, Magistrate Judge Dancks essentially rendered three recommendations: (1) that Plaintiff's federal claims against Defendants Cuomo and Skelos be dismissed with prejudice based on several grounds (including absolute legislative immunity, Eleventh Amendment immunity, and/or failure to state a claim); (2) that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law and state constitutional claims, and dismiss those claims without prejudice to their refiling in state court; and (3) that, prior to the closure of this action, Plaintiff be permitted to amend his Complaint to assert any federal claims that he may have against *other*, properly named individuals with regard to the alleged Jefferson County Sheriff's Department registration matter (i.e., the alleged failure to allow Plaintiff to use the address "homeless" when he performed his ninety-day registration and verification under New York Sex Offender Registration Act of 1995 in or about August 2015, and the alleged inclusion against his wishes of an incorrect address on the registration signed by him). (Dkt. No. 8, at Part IV.)

### B. Plaintiff's Objections to the Report-Recommendation

Generally, in his 132-page Objections, Plaintiff argues that the Court should reject the Report-Recommendation for numerous reasons, most notably the following: (1) that, because Plaintiff is proceeding *pro se*, his Complaint should be construed with special solicitude; (2) that, because SORA is a federally funded program, Defendants' "official capacity sovereign immunity" has been waived; (3) that, because Defendants may have created customs or policies under which the alleged constitutional violations occurred, Defendants may have been personally involved in those alleged violations; (4) that SORA's requirements are a form of indentured servitude that violates Plaintiff's rights under the Thirteenth and Fourteenth Amendments; (5) that, because Plaintiff's designation as "sexually violent, dangerous and likely to reoffend" is a stigma that Plaintiff will have all his life, it is a violation of Plaintiff's various First Amendment rights; (6) that, in 2004, Plaintiff received ineffective assistance of counsel with respect to his designation and its consequences; (7) that SORA's requirements violate Plaintiff's Fifth Amendment rights against self-incrimination; and (8) that, before the Court dismiss Plaintiff's claims, it should permit him to amend them. (*See, e.g.,* Dkt. No. 10, at ¶¶ 5, 8, 11.a., 11.c., 14, 15, 23, 25, 27, 28, 33, 36, 42-45, 49, 65, 66, 78, 84, 88, 88.a., 91, 101, 101.a., 105, 106, 108, 110, 115, 117, 118, 124, 126, 127, 131.d., 133, 134, 142, 144, 148.)

## II. STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or

report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1]
When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

5

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Dancks' thorough Report-Recommendation, the Court can find no error in those parts of the Report-Recommendation to which Plaintiff specifically objected, and no clear error in the remaining parts of the Report-Recommendation: Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. To those reasons, the Court adds three points.

First, the Court construes the Report-Recommendation's recommendation of a dismissal of certain claims without prejudice to refiling in this Court to mean a *conditional* dismissal of those claims with prejudice, i.e., a dismissal of those claims with prejudice *unless* the defects identified in them are corrected in an Amended Complaint filed in this Court during the pendency of this action. The Court so construes the Report-Recommendation because the dismissal of the Complaint in its entirety before the filing of an Amended Complaint would deprive the Court of jurisdiction to consider the Amended Complaint; similarly, the dismissal of any portion of the Complaint without prejudice to refiling in another action in this Court would (under the circumstances) unnecessarily duplicate this action.

Second, even when construed liberally, Plaintiff's first and eighth arguments for rejecting the Report-Recommendation (summarized above in Part I.B. of this Decision and Order) do not

6

contain a *specific* challenge to a finding or conclusion contained in the Report-Recommendation. In any event, the Court has, in fact, afforded Plaintiff special solicitude in its construction of his Complaint; and such special solicitude does not excuse a *pro se* litigant from having to comply with Rules 8 and 12 of the Federal Rules of Civil Procedure.[5] Moreover, the Court is permitting him to amend certain of his claims before dismissal.

Third, Plaintiff's motion for a preliminary injunction is denied on each of two grounds: (1) he has failed to show irreparable harm; and (2) he has failed to show either (a) a likelihood of success on the merits, or (b) a sufficiently serious question as to the merits of the case to make it a fair ground for litigation coupled with a balance of hardships tipping decidedly in his favor.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion to include two summonses with his Complaint (Dkt. No. 9) is **GRANTED**; and it is further

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 8) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the **federal claims** asserted against Defendants Cuomo and Skelos in Plaintiff's Complaint (Dkt. No. 1) are **DISMISSED with prejudice**, and the **state law and state constitutional claims** asserted in the Complaint are **DISMISSED without prejudice** to their refiling in state court, **UNLESS**, within **THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff files an **AMENDED COMPLAINT** that assert any viable federal claims that he may have against *other*, properly named individuals with regard to the alleged Jefferson County

---

[5] *See Cusamano v. Sobek*, 604 F. Supp.2d 416, 426-27 & n.4 (N.D.N.Y. 2009) (Suddaby, J.) ("As has often been recognized by both the Supreme Court and Second Circuit, even *pro se* litigants must obey a district court's procedural rules.") (collecting cases).

Sheriff's Department registration matter (i.e., the alleged failure to allow Plaintiff to use the address "homeless" when he performed his ninety-day registration and verification under New York Sex Offender Registration Act of 1995 in or about August 2015, and the alleged inclusion against his wishes of an incorrect address on the registration signed by him); and it is further

**ORDERED** that Plaintiff's Amended Complaint shall be a complete pleading that supersedes his original Complaint in all respects (and does not incorporate by reference any portion of that Complaint), and shall not attempt to reassert his defective claims against Defendants Cuomo and Skelos; and it is further

**ORDERED** that, in the event Plaintiff does file an Amended Complaint, it is referred to Magistrate Judge Dancks for initial review under 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that Plaintiff's motion for a preliminary injunction (Dkt. No. 3) is **DENIED**.

Dated: February 25, 2016
      Syracuse, New York

HON. GLENN T. SUDDABY
Chief U.S. District Judge